IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROHN MICHAEL WEATHERLY, § | |
| Petitioner, § | |
| § | |
| V. § | Civil Action No. 4:24-CV-164-O |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

**RESPONDENT'S SUPPLEMENTAL ANSWER
WITH BRIEF IN SUPPORT**

Through a petition for habeas corpus relief, Texas state prisoner Rohn Michael Weatherly challenges his guilty plea and conviction for theft, for which he was sentenced to fifteen years' imprisonment. As described below, Weatherly's petition should be dismissed without prejudice because it raises a claim which is unexhausted because the Texas Court of Criminal Appeals (CCA) has not had the opportunity to review its merit.

**SUPPLEMENTAL ANSWER**

The Director incorporates from his original preliminary answer (1) the statement of jurisdiction, (2) the Director's general denial, (3) the procedural history for Weatherly's state trial and direct appeal proceedings as described in the Director's prior "Statement of the Case," and (4) the Director's assertion

of procedural defenses under "Exhaustion/Limitation/Successive Petition." ECF No. 25 at 1, 2, 3–4, 5–6.

In this pleading, the Director clarifies his understanding of Weatherly's claim under "Petitioner's Allegation." The Director also provides (1) an updated statement of his filing of the state court records, (2) a more detailed "Statement of the Case," and (3) an amended exhaustion argument. Simultaneously with this pleading, the Director files a Motion for Leave to File a Second Supplemental Answer, should Weatherly's claim be deemed exhausted, to provide argument that Weatherly's claim is without merit. *See infra.*

## PETITIONER'S ALLEGATION

Pertinent to this action,[1] the Director understands Weatherly to allege his guilty plea is involuntary because the CCA granted habeas relief in the companion case to which Weatherly simultaneously pled guilty, which Weatherly alleges was part of a "package deal" with the instant conviction. ECF No. 1 ("Fed. Writ Pet.") at 11; ECF No. 4, "Applicant's Proposed Finding of Fact and Conclusions of Law," at 1 ¶1, 3 (". . .[A] 'packaged deal/criminal

---

[1] Weatherly initially filed the instant petition in the U.S.D.C. for the Eastern District of Texas, Lufkin Division. *Weatherly v. Director, TDCJ-CID*, Civ. Action No. 9:230cv163 (E.D. Tex.), ECF No. 1. Judge Christine L. Stetson ordered Weatherly's challenge to his parole denial, time credits, and guilty plea be severed, and later ordered his petition pertaining to his guilty plea be transferred to the U.S.D.C. for the Northern District of Texas, Fort Worth Division. *Id.* at ECF Nos. 2, 3. This Court directed the Director to address Weatherly's challenge to his conviction. ECF No. 8, Order and Instructions to Parties (Feb. 27, 2024).

episode' any [sic] my plea to the 'companion' case of unlawful restraint has been rendered involuntary! . . . So too must this plea/conviction!").

## STATE COURT RECORDS

Copies of Weatherly's state court records were previously filed under separate cover. ECF No. 27. The Director received a copy of two volumes under seal, which are unnecessary to answer Weatherly's conviction challenge; upon order of the Court, the Director will furnish a copy of these records under seal. A copy of these court records were not and will not be forwarded to Petitioner. *See Sixta v. Thaler*, 615 F.3d 569, 570 (5th Cir. 2010).

## STATEMENT OF THE CASE

### I. Relevant State Habeas Proceedings

Weatherly challenged his conviction through two state applications for habeas relief that were adjudicated on the merits. He filed his first state habeas application challenging this conviction no earlier than August 22, 2017, the date he averred the truth and correctness of the facts he asserted in his application; it was file-stamped by the Tarrant County District Clerk's Office on August 29, 2017. SHCR-08 at 2–11, 18. There, he alleged:

1. He was denied effective assistance of counsel because counsel failed to:

    A. Gather witness statements, motel records for potential witnesses who threatened Weatherly, and have those witnesses questioned by police;

3

  B. Obtain an "extortion statement" from Weatherly's aunt;

  C. Inform him of sex offender registration for a non-sex-related offense;

  D. Object to the State's time limit for "necessity/duress defense;" and

  E. "30 minute drive to and from Parker County—that's (1) one hour, and my aunt Georgia is old and it was late at night. It took her a little bit to get dressed and assess the situation."

2. He is being subjected to cruel and unusual punishment because the sentence he received is "grossly disporportinate [sic] to the offense—especially to a first time offender[,] a Class 'A' misdemeanor and a state jail felony."

3. His right to due process was violated due to trial court error when the trial court failed to:

  A. "[C]onduct an on-record inquiry to determine whether [Weatherly] had a full understanding of his plea and the full consequences," "rendering his plea involuntary;" and

  B. "[M]ake trial counsel's assistence [sic] effective by not asserting if counsel made reasonable [sic] investigations into petitioner's claims of defense of necessity/duress, and whether trial counsel properly admonished [Weatherly] on sex offender registration."

SHCR-08[2] at 7–11. On September 11, 2019, his application was denied by the CCA without written order on the findings of the trial court, without a hearing. SHCR-08 at Action Taken sheet.

---

[2] "SHCR-xx" refers to the written pleadings contained within *Ex parte Weatherly*, Nos. WR-61,215-08 and -11, respectively.

Weatherly filed a second state habeas application challenging the instant conviction, dating his averment of the truth and correctness of the facts he asserted on November 25, 2021; it was file-stamped by the Tarrant County District Clerk's Office on December 30, 2021. SHCR-11 at 29, 19–25, 14. In that application, Weatherly asserted:

1. "Structural error by judge[s] . . . due to 'judicial reasoning' and not merely 'clerical error'," thus violating his right to due process under the Texas [and] U.S. Constitution":

    A. The judge presiding over Weatherly's plea proceedings "changed [Weatherly's] final judgment" in Weatherly's companion case, Cause No. 1380491 (the offense of unlawful restraint), in a manner that was "not merely clerical in nature" when the trial court signed a Nunc Pro Tunc Order Correcting Minutes of the Court" to reflect that Weatherly must register as a sex offender[3];[4]

    B. Weatherly appeared before a magistrate judge who, "after a conference with court officials . . . agreed [Weatherly] did not have to register as a sex offender."

2. The trial court abused its discretion when it "did not sua sponte withdraw the plea"[5] when the terms of his conviction did not initially include registering as a sex offender but was later amended to reflect he was required to so register.

---

[3] *See Ex parte Weatherly*, No. WR-612,215-09, 2020 WL 913277 (Tex. Crim. App. 2020) (dismissing Weatherly's state habeas application challenging his companion case of unlawful restraint, raised on the grounds of an improper nunc pro tunc requiring him to register as a sex offender).

[4] Weatherly is not required to register as a sex offender in the instant case he is challenging.

[5] Weatherly does not specify whether he is complaining of the plea in his companion conviction or the instant conviction.

3. He was denied effective assistance of trial counsel because counsel "'misadvised' [Weatherly], and was improperly admonished of sex offender registration requirements" and by allowing the trial court to "convey erroneous information to [Weatherly]."

4. He is actually innocent.

5. He is being subjected to "involuntary servitude" because he has not been awarded the proper work time credits he has accrued.

SHCR-11 at 19–28.

In a supplemental application, filed through counsel, Weatherly alleged additional grounds for ineffective assistance of counsel, including that "he was not advised that sex offender registration would be required for the conviction in the case of unlawful restraint of a child, and the original judgment recited that the registration requirements did not apply," and, had Weatherly known of this requirement, he would "have rejected the pleas and insisted on going to trial in both cases." SHCR-11 1st Supp. at 11–12. Weatherly also alleged in that supplemental application that his "pleas of guilty in this case and in the companion case were involuntary and not entered knowingly" because he "was never advised by his trial counsel or the trial court that registration as a sex offender would be required," and which were never discussed after Weatherly's appeal of that nunc pro tunc was denied, or after his petition for discretionary review was refused. *Id.* at 13. Weatherly concluded that assertion by alleging he "would not have pled guilty in this case and in the companion case had he known that sex offender registration was mandatory for a conviction for

6

unlawful restraint of a child" and would have "insisted on going to trial in both cases." *Id.* at 13–14.

On February 15, 2023, without written order, the CCA denied Weatherly's application in which he challenged the instant conviction. *Id.* at Action Taken sheet.

On that same day, the CCA granted habeas relief in Weatherly's conviction for unlawful restraint of a child and vacated that judgment. *Ex parte Weatherly*, No. WR-61,215-10, 2023 WL 2000064 (Tex. Crim. App. Feb. 15, 2023) (citing *Brady v. United States*, 397 U.S. 742 (1970)). When the CCA granted habeas relief regarding Cause No. 1380491, the court recognized that "[t]he trial court found,[6] and the State agrees, that [Weatherly]'s guilty plea [in Cause No. 1380491] is involuntary and recommends that Applicant be allowed to withdraw his plea."[7] *Ex parte Weatherly*, 2023 WL 2000064 at *1. Notably, the CCA footnoted, "The judgment in cause number 1380528C remains in place." *Id.* at *1, n.1.

---

[6] Prior to its disposition of both cases, the court had remanded both applications to the trial court to enter findings, in part, as to whether Weatherly's two convictions were part of a "package deal." *Ex parte Weatherly*, No. WR-61,215-10 & WR-61,215-11, 2022 WL 5056882 (Tex. Crim. App. Oct. 5, 2022).

[7] The CCA did not explicitly adopt those state habeas court findings. *Id*

7

## II. Federal Habeas Proceedings

Weatherly initially filed his instant petition and memorandum in support on September 13, 2023,[8] in the U.S.D.C. for the Eastern District of Texas, Lufkin Division, initiating Civil Action No. 9:23-cv-163. ECF No. 1 at 16; *Weatherly*, Civ. Action No. 9:23-cv-163, at ECF No. 1 at 16; *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (generally, for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system). As noted above in footnote 1, *supra*, Judge Stetson severed Weatherly's claims challenging his conviction for theft, then ordered the petition to be transferred to the U.S.D.C. for the Northern District of Texas, Fort Worth Division. *Id.* at 2–4; *see id.* at Text entry (Feb. 20, 2024). The instant proceeding followed.

The Director filed his preliminary answer on June 27, 2024, arguing Weatherly's writ should be dismissed without prejudice because the claim Weatherly raises is unexhausted. ECF No. 25. The Court ordered the Director to file a supplemental answer to address his assertion that Weatherly's claim is unexhausted, in light of the two state habeas applications that the Director

---

[8] The Director previously asserted that Weatherly filed his federal petition on September 12, 2023. ECF No. 25 at 5. However, Weatherly executed his *averment* of the date he placed his petition in the prison mail system on September 12, 2023, but averred he would place his petition in the prison mailing system on September 13, 2023. ECF No. 1 at 16.

had identified. ECF No. 30, Order (July 18, 2024). The Court later granted an extension for the Director to file his supplemental answer, ECF No. 32, Order (July 23, 2024); this pleading follows.

## EXHAUSTION/ LIMITATION/ SUCCESSIVE PETITION

While the Director does not assert that Weatherly's petition is barred by successiveness or the statute of limitations, 28 U.S.C. § 2244(b), (d), the Director asserts that Weatherly has failed to exhaust his state court remedies for his challenge to his conviction for theft. 28 U.S.C. § 2254(b). Also, the Director reserves the exhaustion defense and procedural default defense, should Weatherly or the Court disagree with the Director's construction of the claims presented.

## ANSWER

Weatherly has failed to exhaust his claim. Under AEDPA, an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (West 2023). This Court should dismiss the instant federal writ petition because Weatherly failed to exhaust available state court remedies prior to filing his federal writ petition.

    The exhaustion doctrine, codified at 28 U.S.C. § 2254(b), (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples,* 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982)). Stated another way, a petitioner must first have provided to the State's highest court a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual claims, before a federal court will entertain the alleged errors. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Thus, comity is invoked to give the state courts an opportunity to consider the same factual grounds under the identical legal theories before permitting a petitioner to bring those constitutional claims to a Federal Court. *See Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir. 1986) ("[T]he exhaustion requirement has consistently been construed in favor of giving the state the first opportunity to correct any alleged constitutional errors."); *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983). The Supreme Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. *See, e.g.*, *Rose*, 455 U.S. at 509; *Picard v. Connor*, 404

U.S. 270, 275 (1971); *Bufalino v. Reno*, 613 F.2d 568, 569 (5th Cir. 1980); *Canet v. Turner*, 606 F.2d 89, 91 (5th Cir. 1979).

In order to satisfy the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(A), a claim must be presented to the highest court of the state for review. *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). For purposes of exhaustion, the CCA is the highest court in the state which has jurisdiction to review a petitioner's conviction. Tex. Code Crim. Proc. Ann. art. 44.45 (West 2023); *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review, Tex. R. App. Proc. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann., art. 4.04 (West 2023); Tex. Code Crim. Proc. Ann. art. 11.07 (West 2023).

Also, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. In other words, a habeas petitioner must give the state courts a fair opportunity to review his claims in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

Again, the state courts must have been apprised of the same facts and legal theories that a petitioner urges in his federal petition. *Duncan*, 513 U.S.

11

at 365–66. "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (quoting *Picard*, 404 U.S. at 275–77). And while Weatherly "need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement," the requirement to exhaust "is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*

Weatherly's federal petition should be dismissed because he has not properly presented his claim to the CCA. Again, the Director understands Weatherly asserts that his convictions for theft and unlawful restraint were a "package deal"—ergo, his instant conviction for theft should be vacated because he received habeas relief in his companion conviction for unlawful restraint, where that plea was found involuntary. ECF No. 1 at 11; ECF No. 4 at 1 at (1) (both convictions were a package deal and his plea in the unlawful restraint conviction "has been rendered involuntary"); *id.* at 3 at (3) (". . . a 'packaged deal/criminal episode' [on] my plea to the 'companion' case of unlawful restraint has been rendered involuntary! . . . So too must this plea/conviction!"); *see id.* at 2 at (3) (alleging the State "never served the trial court with (A) motion to sever the offenses into separate trials, (B) never gave

12

the trial court notice of [any] request to 'dis/mis[joinder] of the criminal episodes offenses.' No notice of separation.") (brackets in original); *id.* at 4 at (4) (" . . . the State, nowhere in the record of post conviction proceedings does the objection to [counsel] term(s) of 'companion cases' arise—companion definition = together or packaged-as-one!"), ("Prayer: . . . (3) the court render these cause numbers as indeed 'packaged deals,' as supported by the record and facts, (4) remand and reverse the plea as involuntary and order the trial court to grant (A) a new trial . . . .").

The Director does not argue that the CCA did not consider whether Weatherly's convictions were a "package deal." Indeed, as stated above, the CCA specifically remanded for findings from the trial court on whether both convictions were a "package deal," stating, "This issue is important in these cases because it impacts the relief to which [Weatherly] may be entitled." *Ex parte Weatherly*, 2022 WL 5056882. And yet, the court *still* denied habeas relief for the instant conviction—thus, it implicitly found that the two were not a package deal. *Ex parte Weatherly*, 2023 WL 2000064 at *1 n.1; SHCR-11 at Action Taken sheet.

While this factual portion of Weatherly's claim before this Court may be deemed exhausted, the exhaustion of this factual basis is insufficient to exhaust the entirety of Weatherly's claim before this Court. *Whitehead*, 157

13

F.3d at 387. Namely, Weatherly's instant claim could not have arisen until the date he was granted relief in his companion case—that is, the same date his state habeas application was denied. Since Weatherly has not filed an additional state habeas application since that denial, his claim is thus unexhausted.

Further, Weatherly's motions for reconsideration before the CCA are insufficient to exhaust his claim, even with liberal construction afforded pro se petitioners. In his first motion for reconsideration, Weatherly asserted that he "only pled guilty to both charges because (1) the promise of no sex offender registration [and] (2) the promise of non habitual punishment." SHCR-11 at Motion for Reconsideration ("Re: Application for Reconsideration of 'A Package Deal.'") at 3. In his "Amendment for Reconsideration, Package Deal," Weatherly alleged that the "theft charge falls under 'the fruit of a poisoned tree' syndrome [sic]. Both sentences [and] convictions are illegally rendered because of misleading information used in this packaged plea bargain agreement deal[.]" SHCR-11 at "Amended Motion for Reconsideration." But again, even if either of these broad statements could be construed to allege his instant conviction should be vacated because his plea to unlawful restraint was found involuntary, motions for reconsideration of the CCA's decision in a state habeas case is insufficient to exhaust that claim. *Williams v. Johnson*, 169 F.

14

Supp. 2d 594, 599 (N.D. Tex. 2001) ("Petitioner has not presented the claim regarding violation of the Sixth Amendment and denial of a fair trial. Presentation of this issue in a motion for reconsideration does not satisfy the exhaustion required.") (cited in *Badger v. Lumpkin*, No. 4:22-CV-947-Y, 2024 WL 1195836, at *15 (N.D. Tex. Mar. 20, 2024)).

Moreover, a federal habeas petitioner bears the burden of demonstrating the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Weatherly has not met his burden.

This Court is precluded from reviewing any claims which have not been exhausted. 28 U.S.C. § 2254 (b), (c); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 (5th Cir. 1981) (en banc). Because the highest state court has not had the opportunity to review Weatherly's claim that the vacatur of his companion case renders his plea in the instant conviction involuntary, this Court should act quickly in dismissing the instant petition without prejudice.[9]

## CONCLUSION

For the above reasons, the Director respectfully requests this Court dismiss Weatherly's petition as unexhausted, and to deny a certificate of appealability. Should the Court deem Weatherly's claim exhausted, the

---

[9] The Director notes that, should February 15, 2023—the date that Cause No. 1380491D was overturned—be deemed the factual predicate of Weatherly's instant claim, Weatherly's AEDPA statute of limitations may have expired during the pendency of this proceeding.

Director has simultaneously filed a Motion for Leave to File a Second Supplemental Answer to address the merits of Weatherly's claim, and prays the Court grant that motion.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Criminal Appeals Division

s/ Cara Hanna
CARA HANNA*
Assistant Attorney General
State Bar No. 24055622

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280
cara.hanna@oag.texas.gov

ATTORNEYS FOR RESPONDENT

*Lead Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that, because this pleading is being filed after business hours, a true and correct copy of the above and foregoing pleading is

being served by placing same in the United States mail, postage prepaid, on August 22, 2024, addressed to: Rohn M Weatherly, TDCJ No. 02044347, Connally Unit, 899 FM 632, Kenedy, TX 78119.

s/ Cara Hanna  
CARA HANNA  
Assistant Attorney General

17